**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CHARLES L. PATTERSON, SR.**                          **PETITIONER**

**VS.**                     **CASE NO. 4:09CV00940 BSM/HDY**

**LARRY NORRIS, Director of the
Arkansas Department of Correction**                    **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

**DISPOSITION**

Charles L. Patterson, Sr., who is currently in the custody of Craig Apker, seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. Mr. Patterson is attacking convictions rendered in Arkansas. In 1988, Mr. Patterson entered a guilty plea in the Circuit Court of Independence County to the following charges: solicitation to commit first-degree murder, intimidating a witness, burglary, and theft of property (three counts). Mr. Patterson did not seek postconviction relief in state court following his guilty plea. In 1992, Mr. Patterson escaped from the custody of the Arkansas Department of Correction (ADC). He was apprehended and tried and convicted for aircraft piracy and other crimes in federal court in Colorado in 1992. He was subsequently tried and convicted of aircraft piracy in federal court in Arkansas in 1993. He is now serving those federal sentences in Tucson. Following the Arkansas federal court conviction in July of 1993, Mr. Patterson was convicted in October of that year in Arkansas state court (Fulton County) of aggravated robbery, burglary, and two counts of theft of property. These sentences were ordered to be served consecutively to his 1988 state court convictions and the federal convictions in Colorado in 1992 and in Arkansas in 1993. The ADC has placed a detainer on Mr. Patterson in anticipation of his release from federal custody in 2017. In 2003, Mr. Patterson sought state court habeas corpus relief with regard to the 1988 Arkansas state court convictions. The circuit court denied relief on August 27, 2003. Mr. Patterson did not appeal this ruling, but later filed a motion for belated appeal. The Arkansas Supreme Court, in an unpublished opinion dated March 31, 2005, denied the motion,

noting that Mr. Patterson failed to demonstrate good cause for failing to timely appeal the circuit court's ruling. In 2008, Mr. Patterson again sought state habeas corpus relief with regard to the 1988 convictions, and the Arkansas Supreme Court denied relief.

In his petition and amended petition, Mr. Patterson now advances seven[1] claims for habeas corpus relief:

1. The circuit court lacked jurisdiction over the crimes to which he entered guilty pleas;

2. The offenses listed in the judgment and commitment to which he pleaded guilty were not exactly the same offenses as those listed in the grand jury indictment;

3. A witness called before the grand jury admitted having committed perjury in an unrelated case;

4. The prosecutor denied him due process by allowing him to plead guilty to a charged burglary offense as a "B" felony instead of a "C" felony;

5. The prosecutor allowed the empaneling of a biased grand juror;

6. His attorney provided ineffective assistance of counsel by advising him to enter guilty pleas in cases nos. 88-14 and 88-18 through 88-25 (due to the lack of jurisdiction); and

7. He is actually innocent of the charges in cases no. 88-14, 88-18, and 88-25.

**STATUTE OF LIMITATIONS**

Respondent contends that the statute of limitations bars consideration of these claims. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Six claims for relief were advanced in the original petition for writ of habeas corpus, and Mr. Patterson added the seventh claim in an amended petition. Docket entry no. 27.

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that the petitioner's judgment became final on June 7, 1988. This final judgment date pre-dates the enactment of the limitations period. However, the statute provides that, in such cases, petitioners have a one-year grace period, ending April 24, 1997, in which to file a timely habeas petition. As a result, the respondent argues that petitioner should have filed his federal petition on or before April 24, 1997. The petition, however, was filed on December 1, 2008. The respondent urges that the petitioner's failure to act sooner is fatal to the petition. The respondent urges that the filing of state court habeas petitions do not toll the time for filing the federal petition, as both of the state court petitions were filed after the time in which to file the federal petition had expired. The Court has, by previous Order, notified Mr. Patterson of the potential for dismissal based on the limitations argument, and Mr. Patterson has filed additional pleadings explaining why he believes the limitations argument should not prevail. Docket entries nos. 29 & 32.

In his pleadings, Mr. Patterson does not contest the dates of his convictions or the dates of the various petitions he has filed. Generally, he contends he has been diligent to raise his claims despite having limited access at times to legal materials, and he contends that any delay in filing a timely petition should be excused because he is actually innocent of the crimes.

In the petitioner's reply to the respondent (docket entry no. 29), he provides "Pertinent Dates and Events." He states that he entered his guilty pleas in May of 1988 and hired an attorney in

February of 1990 to file a Rule 37 petition[2]. Mr. Patterson indicates that the trial court denied this petition but that he does not know if it was appealed or if another petition was filed by his retained attorney. For the period from 1992 to 1996, Mr. Patterson claims he was "occupied with being transported from one court to another for court and trials, and had no access to Legal materials except for Legal briefs pertaining to my current trials." Docket entry no. 29, page 2. There is no mention of the time from 1996 until 1999. Mr. Patterson alleges that while reading a legal periodical in 1999 he became aware of some of the legal issues he now raises. On August 13, 1999, he states that he discovered he had no access in federal prison to any state legal materials. The next date identified as pertinent by the petitioner is January 23, 2001, when he filed for appointment of counsel in state court to assist in the filing of a state habeas corpus petition. In May of 2001, Mr. Patterson states that he filed a state habeas corpus petition. This petition was denied in December of 2002. In August of 2003, he states that he again filed a state habeas corpus petition, which he indicates was dismissed by the trial court. In January of 2005, he states that he sought a belated appeal from the Arkansas Supreme Court. In September of 2005 Mr. Patterson states he was transferred to federal prison in Terre Haute, Indiana. In the course of this transfer, he lost legal material, which was returned to him at roughly the same time he was transferred to federal prison in Arizona. In May of 2008, he states he filed a state habeas corpus petition in Jefferson County, Arkansas. This petition was denied in June of 2008. Petitioner then filed a petition for habeas corpus in July of 2008 with the Arkansas Supreme Court. This petition was denied in November of 2008. In December of 2009 he filed a petition for habeas corpus in Tucson, Arizona. This petition was transferred to this Court.

From the foregoing account, Mr. Patterson concludes that he has been diligent but has had severe impediments against him. He states the "most devastating Impediment has been not having any Legal help, or access to Arkansas State Court Procedures, Statutes and case law. The Federal bureau of prisons has been my biggest Impediment in my being able to file Habeas Corpus since

---

[2]In order to file a timely Rule 37 petition following a guilty plea, the petitioner must file within 90 days following the date of entry of judgment. Ark. Rule Crim. Pro. 37.2(c).

1992." Docket entry no. 29, page 4.

The Court does not agree that Mr. Patterson has shown his diligence or established impediments which caused his failure to comply with the statutory limitation period. To the contrary, we find that this petition is not timely filed and should be dismissed.

Rather than surveying the entire 22 year period from original conviction to the date of filing, we focus on the year beginning April 24, 1996. Courts have determined the one-year period of limitation begins to run on the effective date of the amendment to section 2244(d), April 24, 1996, for convictions which became final prior to that date. *Calderon v. U.S. District Court for Central District of California*, 112 F.3d 386, 388-90 (9th Cir. 1997); *United States v. Simmonds*, 111 F.3d 737, 744-46 (10th Cir. 1997); *United States v. Jones*, 963 F.Supp. 32, 34 (D.D.C. 1997); *Duarte v. Hershberger*, 947 F.Supp. 146, 149 (D.N.J. 1996); *Flowers v. Hanks*, 941 F.Supp 765, 771 (N.D. Ind. 1996); *Smith v. United States*, 945 F.Supp. 1439, 1441 (D.Colo. 1996). Thus, a petitioner such as Mr. Patterson must file his habeas corpus petition by April 23, 1997, to comply with the applicable limitation period. Mr. Patterson clearly failed to file the petition prior to April 23, 1997. In his pleading explaining why he failed to file, there is silence regarding this time period.

We note that subsection (d)(2) of section 2244 excludes from the calculation the time during which a properly filed application for state postconviction or other collateral review is pending. In Mr. Patterson's case, this subsection is of no assistance since he does not allege that he filed a Rule 37 petition in the year beginning April 24, 1996. Hence, there was no "properly filed" petition pending during the running of the limitation period.

The only issue remaining is whether the one-year time period was somehow tolled. In *Calderon v. United States District Court for Central District of California*, 112 F.3d 386 (9th Cir. 1997), the Ninth Circuit Court of Appeals held that the limitation period may be equitably tolled if "extraordinary circumstances" beyond a prisoner's control render it impossible for him to file a timely petition. *Id*. at 391. Although Mr. Patterson generally complains of impediments he does not provide specific circumstances, either during the running of the limitation period or after, to warrant

the tolling of the time in this case. He urges that his innocence to the charges should equitably toll the running of the limitation period. The Eighth Circuit Court of Appeals addressed such an argument in *Flanders v. Graves*, 299 F.3d 974 (8th Cir. 2002):

> The statute of limitations contained in AEDPA provides that: "[a] l-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). We have recognized that this statute is subject to the doctrine of equitable tolling. See *Gassler v. Bruton,* 255 F.3d 492, 495 (8th Cir.2001). Equitable tolling may provide an individual relief from a statute of limitations in certain "extraordinary circumstances." *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000), *cert. denied,* 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001). "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Jihad v. Hvass,* 267 F.3d 803, 806 (8th Cir.2001) (quoting *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000)). These circumstances usually include only those that are "external to the petitioner." *Jihad,* 267 F.3d at 806. For example, the one-year statute of limitations may be tolled in situations when a defendant's conduct has "lulled the plaintiff into inaction," or when circumstances over which a prisoner has no control make it impossible to file a timely petition. *Kreutzer,* 231 F.3d at 463. In the past, we have declined to address the question of whether a petitioner's "actual innocence" is a circumstance sufficient to toll the statute of limitations. See *United States v. Lurie,* [footnote omitted] 207 F.3d 1075, 1077 n. 4 (8th Cir.2000). Today, we hold that it is not, at least in the circumstances of this case.
>
> Petitioner points out that "actual innocence" does, in some cases, excuse or obviate certain procedural obstacles to the consideration of petitions for habeas corpus on their merits. There is, for example, a judge-made doctrine under which certain procedurally defaulted claims are not open for consideration on their merits in a habeas proceeding unless the petitioner can show cause for his failure to raise these claims properly in state-court proceedings, and prejudice resulting from their not having been raised. To this doctrine the Supreme Court has added actual innocence as an exception. That is, a petitioner who can show actual innocence can get his constitutional claims considered on their merits even if he cannot show cause and prejudice. See generally *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). In such cases, the concept of actual innocence is used as a "gateway," that is, actual innocence, if it can be shown, opens the gate to consideration of constitutional claims on their merits, claims that would otherwise be procedurally barred. In similar fashion, actual innocence has also been available to allow consideration of the merits of successive claims. See *Sawyer v. Whitley,* 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992); *Kuhlmann v. Wilson,* 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986).
>
> These doctrines, allowing the use of actual innocence for certain procedural purposes, are now partially codified in AEDPA. 28 U.S.C. § 2244(b)(2)(B)(ii). Petitioner argues that these doctrines, which excuse some types of procedural defaults, should likewise excuse his failure to file his petition within the period fixed by Act of Congress, a failure which he characterizes as a similar "procedural

default." We cannot agree with this assertion, at least as a broad concept. We are dealing here with a statute. It is our duty to apply statutes as written. The statute fixes a one-year period of limitations, and says nothing about actual innocence, even though other parts of AEDPA, enacted at the same time, do refer to this doctrine. *Compare* 28 U.S.C. § 2244(d)(1), *with* 28 U.S.C. § 2244(b)(2)(B)(ii). It is not our place to engraft an additional judge-made exception onto congressional language that is clear on its face.

It is true that, in some cases, equitable tolling has been applied to limitations periods despite the fact that statutes creating them do not expressly refer to the equitable-tolling doctrine. Normally, though, as we have said, equitable tolling applies only when some fault on the part of a defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay. None of that can be said in this case. Petitioner does not claim that anything respondents have done made it impossible or difficult for him to uncover the facts that he now claims establish actual innocence. Indeed, he does not refer us to any circumstances, attributable to the defendants or to any other cause, that prevented him, in the exercise of reasonable diligence, from discovering these facts soon enough to enable him to bring a timely habeas petition. In sum, petitioner does not claim that wrongdoing on the part of the State of Iowa prevented him from filing a timely petition, nor does he show why he did not assert his claim within the one-year statute of limitations. To allow an assertion of actual innocence to excuse the running of the statute in such circumstances would take the equitable-tolling doctrine far from its original and legitimate rationale.

We do not hold that actual innocence can never be relevant to a claim that the habeas statute of limitations should be equitably tolled. For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.

*Flanders v. Graves,* 299 F.3d 974, 976 -978 (8th Cir. 2002).

Here, Mr. Patterson does not establish that the respondent acted or failed to act and prevented him from discovering the relevant facts in a timely fashion. Nor does he show that a reasonably diligent petitioner could not have discovered the facts in time to file a timely petition. As a result, his assertion of actual innocence does not equitably toll the limitations period.

In summary, the petitioner failed by more than a decade to file a timely petition. By his own account, there was no properly filed postconviction petition during the pertinent time frame. Finally, he fails to show a reason for equitable tolling of the limitation period. We recommend

that the petition be dismissed as barred by the statute of limitations.

**PROCEDURAL DEFAULT**

In addition to the limitations argument, the respondent contends that the petitioner's claims are not properly before this Court due to the petitioner's failure to adequately raise his claims in a properly filed state postconviction petition, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. By previous Order, the Court notified the petitioner of his opportunity to explain why his grounds for relief are not procedurally barred, and he has filed responsive pleadings.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. l (l984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is

9

one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

In his explanatory pleadings, Mr. Patterson echoes the same arguments against the procedural default that he raised against the limitations period. Specifically, he claims to be actually innocent and he generally asserts that the absence of legal resources prevented him from raising his claims in state court.

When raised as a reason to avoid a procedural default, the United States Supreme Court gives guidance on the concept of actual innocence:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Court goes on to set the standard required of Mr. Patterson; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. The petitioner does not provide new reliable evidence to show his actual innocence. There is no merit to the actual innocence argument advanced by Mr. Patterson.

The petitioner's claim that he was denied legal resources for the past two decades is also unpersuasive. First, we note that the time in which to file a Rule 37 petition occurred soon after the entry of his guilty pleas in 1988. He does not establish a denial of access to legal materials at that time. He concedes that he was later able to hire an attorney to file a Rule 37 petition. Simply put, there is no showing that a lack of access to legal materials prevented Mr. Patterson from pursuing Rule 37 relief when the time was ripe.

The respondent is correct that the petitioner failed to raise his claims for relief in the proper state forum. We find the petitioner does not establish cause and prejudice for his failure

in state court, and he fails to establish his actual innocence.  Consequently, we recommend that the claims be dismissed due to the unexcused procedural default of the petitioner.

**CONCLUSION**

The petition should be dismissed because it is not timely filed and because the claims were not adequately raised in state court.  We recommend the petition be dismissed with prejudice and the relief requested be denied.

IT IS SO ORDERED this   1   day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE