## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**CHARLES L. PATTERSON, SR.**                                                                **PETITIONER**

**v.**                            **CASE NO. 4:09cv00940 BSM**

**LARRY NORRIS, Director of the**
**Arkansas Department of Correction**                                      **RESPONDENT**

## ORDER

Having reviewed the proposed findings and recommendations of Magistrate Judge H. David Young and the timely filed objections, and having completed a *de novo* review of the record, it is concluded that the findings and recommendations should be, and hereby are, approved and adopted in their entirety in all respects.

In his objections, petitioner Charles L. Patterson ("Patterson") asserts that Magistrate Judge Young did not respond to three of his arguments for tolling the one-year statute of limitations. Patterson maintains that the one-year statute of limitations is tolled because: (1) the trial court lacked jurisdiction; (2) at the trial level the government withheld information about the character and background of government witnesses; and (3) he received ineffective assistance of counsel. The Eighth Circuit has held that equitable tolling applies to the limitations period established by AEDPA but that it is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

Patterson has not shown that extraordinary circumstances made it impossible for him to file a timely petition. Indeed, even if the trial court lacked jurisdiction, Patterson was not prevented from filing a timely habeas petition. Further, the government's withholding of information related to the character and background of its witnesses would not prevent Patterson from filing a timely habeas petition.

The Eighth Circuit has held that "serious attorney misconduct" may warrant equitable tolling. *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005). Patterson argues that he received ineffective assistance of counsel at the trial level, and therefore the one-year limitations period should be equitably tolled. Equitable tolling is not warranted, however, because the cases in which the limitations period was tolled due to ineffective assistance of counsel involve situations in which the ineffective assistance specifically impacted the timely filing of a habeas petition. In *Martin*, the petitioner was assured by counsel that his habeas petition would be filed and that the one-year statute of limitations did not apply. *Id.* at 1094. The petition was not timely filed. *Id.* Due to the attorney's serious misconduct, however, the limitations period was equitably tolled. Patterson claims ineffective assistance from the attorney who represented him in his criminal case. He does not assert that the actions of his defense attorney specifically affected his ability to timely file a habeas petition. For this reason, the one-year limitations period should not be tolled.

Patterson's habeas petition is not timely filed. Additionally, his claims were not adequately raised in state court. The petition should be dismissed with prejudice. All other pending motions are denied as moot.

IT IS SO ORDERED this 8th day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE